ALLEN FITCH, PLAINTIFF, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, DEFENDANT.

*Charter of New York — what employees are officers within sections* 55 *and* 59 *of chapter* 410 *of* 1882.

The plaintiff held the position of examiner in lunacy under an appointment made by the department of charities and correction, in which position he received a compensation of thirty-seven dollars and fifty cents per month. While he held that position he was appointed a sanitary inspector by the health department in the vaccinating corps, for which, if his appointment was valid, he was entitled to receive a compensation of $100 per month.

*Held,* that while retaining his office in the department of charities and correction the plaintiff was, under the provisions of sections 55 and 59 of chapter 410 of 1882, ineligible to official employment as a sanitary inspector in the vaccinating corps of the health department, and was not entitled to receive the salary attached to that office.

CASE agreed upon and submitted without an action.

*John M. Bowers,* for the plaintiff.

*John J. Townsend, Jr.,* for the defendant.

DANIELS, J.:

The plaintiff held the position of examiner in lunacy under an appointment made by the department of charities and correction, for which he received a compensation of thirty-seven dollars and fifty cents ($37.50) per month. While he held that position he was appointed a sanitary inspector by the health department in the vaccinating corps, for which, if his appointment was lawful, he was entitled to receive compensation at the rate of one hundred dollars ($100) per month. Under that appointment, and for the services performed by him, his compensation amounted to the sum of one hundred and nineteen dollars and ninety-eight cents ($119.98). Payment of each of the salaries was, by the charter, to be made out of moneys raised by taxation upon the property of the taxable inhabitants of the city. The payment of the amount demanded by the plaintiff has been resisted upon the ground that he was an officer of the corporation of the city in holding the position and

exercising the functions of examiner in lunacy. If he was such officer, then he has no legal claim for salary as an inspector in the vaccinating corps of the health department, for by section 59, chapter 410 of the Laws of 1882, it has been provided, among other things, that "no member of the common council, head of department, chief of bureau, deputy thereof, or clerk therein, or other officer of the corporation, shall be, or become directly or indirectly, interested in, or in the performance of, any contract, work or business, or the sale of any article, the expense, price or consideration of which is payable from the city treasury," etc. By preceding sections of the same act provision has been made for the distribution of the powers of the city government. The legislative authority was vested in the board of aldermen and the executive power in the mayor and the officers of the departments. (Id., §§ 29, 30.) And the different departments were declared and provided for by section 34 of the same act, and among these departments are those of charities and corrections and the health department. In these departments defined portions of the government authority of the city has been vested. While they are distinct and separate in their powers and functions, they are still classified and provided for as different departments of the government of the city. The heads of each departments have also, by section 48, been empowered to appoint and remove all chiefs of bureaus except the chamberlain, and all clerks, officers, employees and subordinates, in their respective departments, except as it was otherwise specially provided. And the functions and duties of all officers, clerks, employees and subordinates in every department, subject to the same exception, with their respective salaries, are declared to be such as the heads of the respective departments shall designate and approve. It was under this general authority that the plaintiff received his appointment as examiner in lunacy. It is not shown to have been a position subject merely to the orders or directions which from time to time might be given by the head of the department, but it was a position whose functions and duties were to be defined by the head of the department, and the appointment was necessarily of a somewhat permanent character vesting the appointee with the power to exercise his judgment and skill within the limits of the appointment. What was

conferred upon him was a portion of the authority vested in the department. He was not merely an attendant, servant or employee, but a person selected to exercise authority and discharge the duties appropriate to his position, and that constituted him an officer of the department in which he had been appointed, for an office has been defined to be "a public charge or employment with the right to take the fees and emoluments belonging to it." It is an authority to exercise legal or public functions in the service and for the benefit of the public. (*People* v. *Nostrand*, 46 N. Y., 375.) And the plaintiff, as an examiner in lunacy, was vested with such functions and authority. He was accordingly an officer of the department in which he had been appointed; and officers of such departments were designed to be included within the general language of section 59 of this act. Provision was previously made for the existence of the officers, the power by which the appointment should be made, and the functions and duties to be exercised, and after that had been done this general prohibition contained in section 59 was added, and from its position and relations, as well as the language used, it was evidently intended to include the officers previously mentioned or referred to in the act.

By section 588 of the same act the board of health was empowered to appoint a certain number of sanitary inspectors, and under that this appointment of the plaintiff as inspector in the vaccinating corps seems to have been made. It is also, for the reasons already given as well as those disclosed by this section of the act, apparent that it was an office in one of the departments of the government of the city. The functions and duties, as well as the rights appertaining to the position, rendered it an office within the authority which has already been stated. And by section 55 of the act it has been declared that "no person shall hold two city or county offices except as expressly provided in this act." And no exception, including either of these offices, was made by the act from this general prohibition. By his second appointment, if it could have been legally made, the plaintiff would have become directly interested in the performance of work, the expenses of which were to be payable from the city treasury, and as he continued to retain his preceding office under the department of charities and corrections, he was ineligible to official

employment as a sanitary inspector in the vaccinating corps of the health department.

The case of *Macdonald* v. *The Mayor* (32 Hun, 89) has been relied upon as sustaining the plaintiff's right to compensation while he discharged the duties of inspector in the health department. But, when justly considered, it lends neither countenance nor assistance to this position, for the compensation allowed to the plaintiff in that action was not for a service rendered either as an officer of the municipal government or one of its departments, but the service was rendered for the district attorney of the county and was chargeable to the city as the county and not as the city. This case is brought by its facts more directly, and especially within those of *McAdam* v. *The Mayor* (36 Hun, 340) and *Mullaly* v. *Mayor* (3 id., 661). The case last decided is especially applicable to this controversy, and by the principle which it settled in the construction of this prohibitory provision of the charter, the plaintiff is excluded from the right to claim the compensation for the services rendered by him as an inspector in the health department. The policy of the charter, upon this subject, was to separate and distinguish the officers of one department from those appointed in and exercising their authority and functions in another. It was designed to abrogate abuses which previously had existed, and it should be liberally construed to produce that result. As it has been made a portion of the charter, it was intended to include the officers to which reference was previously, as well as subsequently, made in it. And by the construction which should be placed upon it, and upon the prohibitory language of this section, the plaintiff has no right to the compensation which is the subject of controversy in this case.

Judgment should, therefore, be ordered in favor of the defendant, with costs.

BRADY, J., concurred.

Judgment ordered for the defendant, with costs.